Order Filed on April 7, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| DISTRICT OF NEW JERSEY<br>UNITED STATES BANKRUPTCY COURT<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Ashley M Pascuzzi, Esq. - 272502018<br>GROSS POLOWY, LLC<br>Formed in the State of Delaware<br>2500 Plaza 5, Suite 2548<br>Jersey City, NJ 07311<br>(716) 204-1700<br>E-mail: apascuzzi@grosspolowy.com<br>Attorneys for Creditor MidFirst Bank | |
| In Re:<br><br>JEFFREY E NEWTON<br><br>     Debtor(s). | Case No.: 20-14571-aba<br><br>Hearing Date: April 27, 2022<br><br>Judge: Andrew B. Altenburg, Jr.<br><br>Chapter: 13 |

## CONSENT ORDER RESOLVING OBJECTION OF SECURED CREDITOR, MIDFIRST BANK, TO CONFIRMATION

The relief set forth on the following pages, numbered two (2) through 2 is hereby **ORDERED**

**DATED: April 7, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2
Debtor: Jeffrey E. Newton
Case No.: 20-14571-ABA
Caption of Order: Consent Order Resolving Objection of Secured Creditor, MidFirst Bank, to Confirmation

**THIS MATTER** having come before the Court on the Objection to Confirmation of Plan (Docket #26) filed by GROSS POLOWY, LLC, counsel for Secured Creditor, MidFirst Bank, as to the real property commonly known as 1021 Buckingham Road, Bridgeton, NJ 08302 (the "Property") and Michael T. Novick, Esq., representing the debtor, Jeffrey E. Newton, and the parties agreeing to the entry of the Order settling the Objection, and for good cause shown; it is

**ORDERED AND DECREED** as follows:

1. This Order shall be incorporated in and become a part of any Order Confirming the Chapter 13 Plan in the herein matter.

2. Debtor filed a Modified Chapter 13 Plan on December 29, 2021, which did not provide for payment of pre-petition arrears of the Secured Creditor.

3. The amount to be paid to Secured Creditor for pre-petition arrears through the Chapter 13 Plan is $2,875.56 as set forth in Secured Creditor's filed Amended Proof of Claim 12, filed December 28, 2020.

4. That Debtor will pay directly to Creditor MidFirst Bank monthly contractual post-petition mortgage payments to the secured creditor, which is subject to change in accordance with the terms of the note and mortgage.

5. Debtor will continue to make payments of the administrative claims, and previously agreed to order.

[SPACE INTENTIONALLY LEFT BLANK]

6. Facsimile signatures shall be valid as original signatures and this Consent Order may be executed in counterparts.

**We hereby consent to the form and entry of the above Order.**

/s/ Ashley M Pascuzzi
**Ashley M Pascuzzi, Esq.**
**Attorney for Secured Creditor, MidFirst Bank**

/s/ Moshe Rothenberg, Esq.
**Moshe Rothenberg**
**Attorney for Debtor**